UNITED STATES DISTRICT COURT    FILED
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION         2011 NOV 30 PM 12: 14

                                  CLERK U.S. DISTRICT COURT
                                  WESTERN DISTRICT OF TEXAS
                                  BY_____
                                            DEPUTY

| | |
|---|---|
| JOSE LUIS DOMINGUEZ, § | |
| Fed. Reg. No. 120131-180, § | |
| Movant, § | |
| § | EP-11-CV-496-DB |
| v. § | EP-00-CR-2084-DB-3 |
| § | |
| UNITED STATES OF AMERICA, § | |
| Respondent. § | |

## MEMORANDUM OPINION AND ORDER

In a *pro se* motion to vacate, set aside or correct a sentence under 28 U.S.C. § 2255 [ECF No. 445],[1] Movant Jose Luis Dominguez ("Dominguez"), a prisoner at the D. Ray James Correctional Institution in Folkston, Georgia, challenges the sentence imposed by the Court after he pleaded guilty, pursuant to a plea agreement, to possession with the intent to distribute approximately 782 marijuana. Upon reviewing the record and for the reasons discussed below, the Court finds that Dominguez's motion is untimely, and that he is not entitled to equitable tolling.[2] Accordingly, the Court will dismiss his motion.[3] The Court will additionally decline to certify his issues for appeal.

---

[1] "ECF No." in this context refers to the Electronic Case Filing number for documents docketed in EP-00-CR-2084-DB-3.

[2] *Cf. Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999) ("[W]e hold that the district court was within its authority under Rule 4 and Rule 11 of the Rules Governing [28 U.S.C.] Section 2254 Cases when it raised the . . . statute of limitations defense *sua sponte*."); *see also United States v. Flores*, 135 F.3d 1000, 1002 n.7 (5th Cir. 1998) ("Because of the similarity of the actions under sections 2254 and 2255, they have traditionally been read *in pari materia* where the context does not indicate that would be improper.").

[3] *See* 28 U.S.C.A. § 2255 Proc. R. 4(b) (West 2011) ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

A § 2255 motion to vacate, set aside, or correct a sentence is subject to a one-year limitations period.[4] A federal prisoner must file his motion within one year from the date on which (1) the judgment became final, (2) the government-created impediment to filing the motion was removed, (3) the United States Supreme Court initially recognized, and made retroactively applicable to cases on collateral review, the legal predicate for the motion, or (4) the petitioner could have discovered, through due diligence, the factual predicate for the motion.[5]

The one-year limitations period is not jurisdictional and is subject to equitable tolling.[6] Equitable tolling is not, however, available for "'garden variety claims of excusable neglect.'"[7] It "is permitted only 'in rare and exceptional circumstances.'"[8] Such circumstances include situations in which a movant is actively misled by the respondent "'or is prevented in some extraordinary way from asserting his rights.'"[9] Additionally, "'[e]quity is not intended for those who sleep on their rights.'"[10] Rather, "'[e]quitable tolling is appropriate where, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his

---

[4] 28 U.S.C.A. § 2255(f) (West 2011).

[5] *Id.*; *United States v. Brown*, 305 F.3d 304, 306–07 (5th Cir. 2002).

[6] *Cf. Holland v. Florida*, -- U.S. --, --,130 S.Ct. 2549, 2560 (2010) ("[W]e hold that § 2244(d) is subject to equitable tolling in appropriate cases.").

[7] *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

[8] *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)).

[9] *Id.* (quoting *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)).

[10] *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (quoting *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)).

claim.'"[11] Moreover, a movant has the burden of proving that he is entitled to equitable tolling.[12] In order to satisfy his burden, he must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing his § 2255 motion.[13] Finally, "[t]he decision to invoke equitable tolling is left to the discretion of the district court" and reviewed only for an abuse of discretion.[14]

In his motion, Dominguez does not claim that the Government created an impediment to filing his motion or that the Supreme Court recognized a new right made retroactively applicable to cases on collateral review.[15] Dominguez objectively knew or should have known the factual predicates for his claims well within the limitations period.[16] Thus, Dominguez's limitations period began to run when his judgment of conviction became final.[17]

A judgment becomes final when the applicable period for seeking direct review expires.[18]

---

[11] Id. at 715 n.14 (quoting *Pacheco v. Rice*, 966 F.2d 904, 906–07 (5th Cir. 1992)).

[12] *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

[13] *Lawrence v. Florida*, 549 U.S. 327, 336 (2007).

[14] *Cousin*, 310 F.3d at 848.

[15] 28 U.S.C.A. §§ 2255(f)(2)–(3).

[16] Id. § 2255(f)(4); cf. *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000) ("First, the time commences when the factual predicate 'could have been discovered through the exercise of due diligence', not when it was actually discovered by a given prisoner. Second, the trigger in [28 U.S.C.] § 2244(d)(1)(D) is (actual or imputed) discovery of the claim's 'factual predicate', not recognition of the facts' legal significance. . . . [F]ederal statutes use objective indicators as triggers. . . . Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance. If § 2244(d)(1) used a subjective rather than an objective standard, then there would be no effective time limit.").

[17] Id. § 2255(f)(1); *Dodd v. United States*, 545 U.S. 353, 357 (2005).

[18] *Clay v. United States*, 537 U.S. 522, 525 (2003); *United States v. Gamble*, 208 F.3d 536, 536–37 (5th Cir. 2000) (per curiam).

In this case, the Court entered its amended judgment on December 27, 2001, and Dominguez's conviction became final on January 11, 2002, the last day on which he could have appealed to the Fifth Circuit Court of Appeals.[19] Accordingly, Dominguez's time period for filing a § 2255 motion within one year after his conviction became final expired on January 11, 2003. Dominguez constructively filed his instant motion on November 22, 2011, the day on which he signed it and, presumably, placed it in the prison mail system.[20] Thus, Dominguez filed his motion eight years, ten months, and twelve days beyond the deadline. It is therefore untimely, and must be denied, unless equitable tolling applies.

Dominguez offers no explanation for his delay in filing a § 2255 motion. He clearly had an adequate opportunity to prepare and file a timely motion prior to the expiration of the one-year limitations period. He provides no evidence that some extraordinary circumstance stood in the way of his timely filing a § 2255 motion. He delayed filing his motion nearly nine years beyond the deadline. "[E]quity is not intended for those who sleep on their rights."[21] The Court therefore finds that Dominguez has failed to meet his burden of showing a rare and exceptional circumstance that would entitle him to equitable tolling.[22]

---

[19] *See former* FED. R. APP. P. 4(b)(1)(A) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after the later of (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal."); *see also United States v. Johnson*, 457 U.S. 537, 542 n.8 (1982) (noting that a conviction is final when the availability of further appeal is exhausted).

[20] A *pro-se* prisoner's habeas-corpus petition is constructively filed when the prisoner signs and presumably delivers the papers to prison authorities for mailing to the district court. *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (citing *Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998)).

[21] *Covey*, 865 F.2d at 662.

[22] *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002).

Accordingly, the Court concludes that Dominguez's motion is time-barred, that he is not entitled to equitable tolling, and that the Court need not address the merits of his claims.

## EVIDENTIARY HEARING

A motion brought under § 2255 may be denied without a hearing if the motion, files, and records of the case conclusively show that the defendant is not entitled to relief.[23] The record in this case is adequate to dispose fully and fairly of Dominguez's motion. The Court need inquire no further on collateral review and an evidentiary hearing is not necessary.

## CERTIFICATE OF APPEALABILITY

A petitioner may not appeal a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."[24] Further, appellate review of a habeas petition is limited to the issues on which a certificate of appealability is granted.[25] In other words, a certificate of appealability is granted or denied on an issue-by-issue basis, thereby limiting appellate review solely to those issues on which certificate of appealability is granted.[26] Although Dominguez has not yet filed a notice of appeal, this Court nonetheless must address

---

[23] *Cf. United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992) (per curiam) (holding that there was no abuse of discretion in denying a § 2255 motion without a hearing where the movant's assertions of ineffective assistance were wholly conclusory in nature and refuted by reference to the record itself).

[24] 28 U.S.C.A. § 2253(c)(1) (West 2011).

[25] *See Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997) (holding that, in regard to the denial of relief in habeas corpus actions, the scope of appellate review is limited to the issues on which a certificate of appealability is granted).

[26] 28 U.S.C.A. §2253(c)(3) (setting forth the narrow scope of appellate review in habeas corpus matters); *Crutcher v. Cockrell*, 301 F.3d 656, 658 n.10 (5th Cir. 2002) (holding that a certificate of appealability is granted on an issue-by-issue basis, thereby limiting appellate review to those issues).

whether he is entitled to a certificate of appealability.[27]

A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."[28] To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[29] Here, Dominguez's motion to vacate fails because he cannot establish that reasonable jurists could conclude that his motion is not time-barred. Accordingly, Dominguez is not entitled to a certificate of appealability.

## CONCLUSION AND ORDERS

For the reasons stated, the Court concludes Dominguez is not entitled to § 2255 relief or a certificate of appealability. Therefore, the Court enters the following orders:

1. Movant Jose Luis Dominguez's *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence [ECF No. 445] is **DENIED** and his civil cause is **DISMISSED WITH PREJUDICE.**

2. Movant Jose Luis Dominguez is **DENIED a CERTIFICATE OF APPEALABILITY.**

---

[27] *See* 28 U.S.C.A. § 2255 PROC. R. 11(a) (West 2011) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

[28] 28 U.S.C.A. § 2253(c)(2).

[29] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* to certificate of appealability determination in context of § 2255 proceedings).

3.  All pending motions in this cause, if any, are **DENIED AS MOOT**.

**SO ORDERED.**

**SIGNED** this **30th** day of **November 2011**.

_____
**DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE**